UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SELVA KUMAR,

      Plaintiff,

    v.

VERIZON COMMUNICATIONS, INC.,
et al.,

      Defendants.

No.  2:26-cv-1630-DJC-CKD (PS)

ORDER AND FINDINGS AND
RECOMMENDATIONS

Proceeding without counsel, plaintiff Selva Kumar initiated this action in state court and defendant Verizon Communications Inc. filed a notice of removal based on diversity jurisdiction. (ECF No. 1.) This case is referred to the undersigned by Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

On May 21, 2026, plaintiff filed a motion to remand and a motion seeking permission to e-file. (ECF Nos. 8, 9.) The motion to remand is suitable for decision without oral argument under Local Rule 230(g). Accordingly, the hearing set for July 29, 2026, is vacated. This case should be remanded to state court for the reasons set forth below.

## I.    Background

Plaintiff filed the complaint on December 15, 2025, in the Sacramento County Superior Court. (ECF No. 1-2 at 6-38.) Plaintiff served copies of the Summons and Complaint on defendant Verizon Communications Inc. on February 17, 2026. (ECF No. 10-1 at 2, ¶ 9.) No civil

1

case cover sheet was served with the complaint. (Id.)

Defendant's counsel viewed the superior court's online docket and saw the case was designated as "Limited Civil" for case type. (ECF No. 10-1 at 2, ¶ 4 & 5.) Defendant's counsel set a meet and confer call with plaintiff to take place on March 26, 2026, to discuss the case and status. (ECF No. 10-1 at 2, ¶ 5.) After the call, on March 30, 2026, plaintiff responded to an email and accepted characterization of the call, including that plaintiff was seeking over $500,000 in damages. (Id., ¶ 8.) Defendant filed the notice of removal on April 24, 2026. (ECF No. 1.)

On May 21, 2026, plaintiff filed the motion to remand, arguing the notice of removal was untimely filed outside of the 30-day removal period. (ECF No. 8.) Defendant filed an opposition, arguing the 30-day removal clock was not triggered until March 30, 2026. (ECF No. 10.) Plaintiff filed a reply. (ECF No. 12.)

**II.      Applicable Standards**

Federal courts have original jurisdiction pursuant to 28 U.S.C. § 1332(a) where a civil action exists between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. A defendant is entitled to removal so long as statutory prerequisites are met. See Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 344-45 (1976).

The procedure for removal is set out in 28 U.S.C. § 1446(a) and requires a defendant to "file in the district court… a notice of removal… containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." The statute provides two 30-day windows during which a case may be removed—during the first 30 days after the defendant receives the initial pleading or, if "the case stated by the initial pleading is not removable," during the first 30 days after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3).

In the Ninth Circuit,

> [R]emovability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. *Thus, the first thirty-*

2

*day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal.* If no ground for removal is evident in that pleading, the case is "not removable" at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper. See 28 U.S.C. § 1446(b).

Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005) (emphasis added).

To determine whether any ground for removal is evident in the pleading,

defendants need not make extrapolations or engage in guesswork; yet the statute requires a defendant to apply a reasonable amount of intelligence in ascertaining removability. Multiplying figures clearly stated in a complaint is an aspect of that duty.

Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013) (internal quotation marks and citation omitted).

**III.    Discussion**

Defendant did not remove within the first 30 days after receiving the initial pleading, so the issue is whether the case stated by the initial pleading was not removable. See 28 U.S.C. § 1446(b); Harris, 425 F.3d at 694. Defendant argues the 30-day removal clock was not triggered by receipt of plaintiff's initial complaint because the case was designated a "Limited Civil" case on the online docket and because it did not explicitly state the amount in controversy. (ECF No. 10 at 2.) Neither argument succeeds.

In California courts, "[a] case at law [is a limited civil case] if the demand, exclusive of interest… amounts to thirty-five thousand dollars ($35,000) or less." See Cal. Civ. Proc. Code § 86(a)(1); id., § 85 (setting forth conditions for limited civil actions, including that the amount in controversy does not exceed $35,000). Defendant argues that because of the limited civil case designation on the online docket, defendant could not have known the amount in controversy exceeded $35,000 until plaintiff communicated to defense counsel the limited civil case type designation was an error he intended to correct. (ECF No. 10 at 4-5.)

However, defendant points to nothing within the complaint's four corners indicating the case was a limited civil case seeking less than $35,000 in damages. Notably, state law requires a limited civil case to state in the caption it is a limited civil case. See Cal. Code Civ. Proc. §

3

422.30(b) ("In a limited civil case, the caption shall state that the case is a limited civil case, and the clerk shall classify the case accordingly."). Plaintiff's complaint contains no such designation in the caption. Moreover, the complaint appears to contain an allegation designed to plead the case out of the state statute for limited civil cases. (ECF No. 1-2 at 12, ¶ 4 ("This Court has jurisdiction over this matter under Article VI, Section 10 of the California Constitution because this is a civil action in which the amount in controversy exceeds the jurisdictional minimum of this Court.")

Defendant's argument about the case type designation on the online docket is based on information defendant learned through further inquiry. However, removability is determined through "examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris, 425 F.3d at 694. The case type designation on the online docket was not contained in the applicable pleading and did not make the case non-removable. See Harris, 425 F.3d at 694.

The complaint does not plead a damages amount. The court therefore considers whether it contains the information necessary to calculate a damages amount revealing a basis for removal without defendant needing to engage in guesswork, apply subjective knowledge, or inquire further. See Kuxhausen, 707 F.3d at 1140; Harris, 425 F.3d at 694. As plaintiff argues, the complaint alleges "Plaintiff was working for TCS under a salary of approximately $170,000 annually plus bonuses. And, this Verizon project engagement contract was expected to last 3 years or more." (ECF No. 1-2 at 16, ¶ 23.) The complaint alleged plaintiff sought lost wages and future earnings, among other damages. (Id. at 37.) Defendant does not acknowledge these allegations in arguing it could not have known the amount in controversy exceeded $35,000.

Where plaintiff alleged an annual salary of approximately $170,000, plus bonuses, and three or more years of lost wages, the court cannot find the case was "not removable" because of not meeting the $75,000 amount in controversy requirement. See Kuxhausen, 707 F.3d at 1140 (a defendant is required to multiply figures clearly stated in a complaint to ascertain removability). As defendant's notice of removal states, "Plaintiff's allegations from his Complaint make it apparent that the amount in controversy exceeds $75,000." (ECF No. 1 at 4.)

4

Defendant argues the question whether federal jurisdiction could exist is separate from the determination when the 30-day removal clock begins to run. But this is not a situation where defendant argues it could only establish this court's jurisdiction through additional evidence or further inquiry. Defendant fails to show there was a second 30-day removal period. See 28 U.S.C. § 1446(b); Harris, 425 F.3d at 694. Accordingly, the motion to remand should be granted.

### IV.   Request to E-file

Plaintiff seeks to participate in electronic case filing. (ECF No. 9.) "[A]ny person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." See E.D. Cal. L.R. 133(b)(2). The court does not find good cause for deviance from the general procedure in the Local Rule at the present time where it is being recommended that this case be remanded to state court. The request will be denied without prejudice to renewal should the case remain in this court.

### V.   Order and Recommendation

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion to e-file (ECF No. 9) is DENIED without prejudice.

2. The hearing on plaintiff's motion to remand set to take place on July 29, 2026, is VACATED.

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's motion to remand (ECF No. 8) be granted and this case be remanded to the Sacramento County Superior Court.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may

waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: June 22, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 kuma26cv1630.fr